**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES NICHOLAS ATKINS,**

**Plaintiff,**

**v.** **CASE NO. 23-3099-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff has since been released from custody. (Doc. 7.) The Court granted Plaintiff leave to proceed in forma pauperis. On April 21, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until May 19, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set out in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff has filed a response (Doc. 6).

Plaintiff alleges that he is a minimum custody inmate and is being illegally housed in a maximum custody facility. (Doc. 1, at 3.) Plaintiff alleges that another inmate "was able" to throw boiling water on Plaintiff. *Id*. Plaintiff alleges that Mrs. Powers "let this happen," causing Plaintiff to suffer third degree burns on his right shoulder and left chest. *Id*. Plaintiff alleges cruel and unusual punishment and a failure to protect. *Id*.

Plaintiff attaches documentation that shows he pleaded "no contest" to a disciplinary report in November 2022. (Doc. 1–1, at 2–3.) Plaintiff filed an appeal, stating that he felt like if he was classified correctly, he would not have received the write-up. *Id*. at 4. Plaintiff states in

the appeal that he was placed in maximum custody and his cellmate attacked Plaintiff by throwing hot water on him. *Id*.

Plaintiff names as defendants: the State of Kansas; the Kansas Department of Corrections ("KDOC"); the American Civil Liberties Union ("ACLU"); and (fnu) (lnu) Secretary of Corrections. Plaintiff seeks $1,000,000 from each defendant and a "revision to KDOC training and responses all due to the disfigurement – lack of security – and observances." *Id*. at 5.

The Court found in the MOSC that Plaintiff named improper defendants. Plaintiff names the State of Kansas and the KDOC as defendants. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment.[1] Plaintiff also names the Secretary of Corrections as a defendant. To the extent Plaintiff sues the Secretary of Corrections in his official capacity, an official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "The Tenth Circuit has made it clear that where a claimant seeks relief against a KDOC official in his or her official capacity, the party seeks judgment against the KDOC itself, rendering the claim as one against the sovereign." *Jamerson v. Heimgartner*, No. 5:17-3205-JAR-KGG, 2020 WL 1923074, at *10 (D. Kan. April 21, 2020) (citing *Jones v. Courtney*, 466 F. App'x 696, 699 – 700 (10th Cir. 2012) (collecting cases)). The Eleventh Amendment therefore applies to any official capacity claims against a KDOC defendant. *Id*. The Court also found that Plaintiff failed to allege how the Secretary of Corrections personally participated in the deprivation of his constitutional rights. Mere supervisory status is insufficient to create personal liability. *Duffield*

[1] The Court notes that Plaintiff has been released from custody, and therefore any request for injunctive relief would be moot.

*v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

Plaintiff also names the ACLU as a defendant but fails to mention the ACLU in the body of his Complaint. Plaintiff fails to assert any claim against this defendant or to show how this defendant participated in the deprivation of his constitutional rights.

The Court also found in the MOSC that Plaintiff failed to allege that any official possessed enough details about a threat to Plaintiff to enable them to conclude that there was a strong likelihood of injury to Plaintiff. Furthermore, it appears that Plaintiff may have received and plead no contest to a disciplinary report that he received regarding the incident. Plaintiff has not shown that any official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

Plaintiff claims that he is a minimum-custody inmate and is being illegally housed in a maximum-custody facility. The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). The Court found in the MOSC that Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007)). Moreover, jail officials are entitled to great

deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Plaintiff was given the opportunity to file an amended complaint or to show good cause why his Complaint should not be dismissed for failure to state a claim. In his response, Plaintiff reasserts that he should not have been housed in a maximum custody facility, and states that he believes LCF "broke protocol and classification rules to an extent that warrants compensation to [him]." (Doc. 6, at 2.) Plaintiff makes a general conclusion that he "went through physical and emotional abuse for seven weeks, where [he] was being mistreated by guards" and "[s]ome days, [he] had to go without water." *Id*. Plaintiff's response does not address the deficiencies set forth in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 23, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**