IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES NICHOLAS ATKINS,

    **Plaintiff,**

    v.                                                  CASE NO. 23-3099-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brought this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Plaintiff has since been released from custody. (Doc. 7.) The Court granted Plaintiff leave to proceed in forma pauperis. On May 23, 2023, the Court entered a Memorandum and Order (Doc. 8) dismissing this case for failure to state a claim. On November 17, 2025, Plaintiff filed a Motion to Reopen (Doc. 10). On November 18, 2025, the Court entered a Memorandum and Order denying Plaintiff's motion to reopen. (Doc. 11.) The Memorandum and Order was returned as undeliverable. (Doc. 12.)

This matter is before the Court on Plaintiff's second Motion to Reopen (Doc. 13) filed on January 9, 2026. Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion provides in its entirety: "My body was harm 3rd degree on shoulder 2nd degree on chest and face. Asking the courts to settle a fair claim. In LCF was house[d] with a[n]

1

inmate that have [sic] a life sentence." (Doc. 13-1, at 1.) Plaintiff also attaches a letter to the Court stating that he did not know he had to file a claim for this case and the "Supreme Court office" told Plaintiff they had not received his medical records and that is why his case was dismissed. *Id*. at 2. It is unclear what office Plaintiff spoke to, but his case was not dismissed based upon a lack of medical records. This case was dismissed for failure to state a claim.

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff does not assert relief under any of the subsections in Rule 60(b). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion

was briefed" is likewise inappropriate. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff has not shown that relief under Rule 60(b) is warranted. Plaintiff has failed to provide any justification for reopening this case two and a half years after it was dismissed. Plaintiff's second motion to reopen is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's second Motion to Reopen (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated January 13, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
